JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
                                      :
UNITED STATES OF AMERICA,             :
                                      :
          - v. -                      :     INDICTMENT  RCD
                                      :
JOHN MELICHAREK,                      :     07 Cr.
     a/k/a "Rocky,"                   :
MICHAEL IUNI,                         :
DOMINICK MEMOLI,                      :     **07 CRIM.    907**
     a/k/a "Shakes,"                  :
ANGELO NICOSIA,                       :
LOUIS PIPOLO,                         :
DARDIAN CELAJ,                        :
     a/k/a "Danny," and              :
ENED GJELAJ,                          :
     a/k/a "Neddy,"                   :
                                      :     ┌─────────────────────────┐
          Defendants.                 :     │ USDC SDNY               │
                                      :     │ DOCUMENT                │
-------------------------------------x     │ ELECTRONICALLY FILED    │
                                            │ DOC #: _____ │
                                            │ DATE FILED: 9/26/07     │
                                            └─────────────────────────┘

                     **COUNT ONE**
               (Extortion Conspiracy)

          The Grand Jury charges:

                     Background

          1.   At all times relevant to this Indictment, JOHN

MELICHAREK, a/k/a "Rocky," MICHAEL IUNI, and ANGELO NICOSIA, the

defendants, and others known and unknown, were members and

associates of the Genovese Organized Crime Family of La Cosa

Nostra (the "Genovese Organized Crime Family").  The Genovese

Organized Crime Family was an organized criminal group based in

New York City that operated in the Southern District of New York

and elsewhere.  The Genovese Organized Crime Family was part of a

widespread criminal organization known by various names,

including the "Mafia" and "La Cosa Nostra" ("LCN"), which operated through entities known as "Families."

2. The Genovese Organized Crime Family operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City and the surrounding areas. Each "crew" had as its leader a person known as a "Caporegime," "Capo," or "Captain," and consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows." Soldiers were aided in their criminal endeavors by other trusted individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with" a Soldier. Associates participated in the various activities of the crew and its members.

<u>The Defendants</u>

3. At all times relevant to this Indictment, JOHN MELICHAREK, a/k/a "Rocky," MICHAEL IUNI, and ANGELO NICOSIA, the defendants, were associates of the Genovese Organized Crime Family.

<u>The Violation</u>

4. From in or about 2004, up to and including in or about February 2005, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," MICHAEL IUNI, and ANGELO NICOSIA, the defendants, and others known and unknown, through their positions as members or associates in the Genovese

2

Organized Crime Family of La Cosa Nostra and through unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of other persons, to wit, the owner of a business located in Manhattan, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

## COUNT TWO
(Extortion)

The Grand Jury further charges:

5.    Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

6.    From in or about 2004, up to and including in or about February 2005, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," MICHAEL IUNI, and ANGELO NICOSIA, the defendants, and others known and unknown, through their positions as a members or associates of the Genovese Organized Crime Family of La Cosa Nostra, unlawfully, willfully, and knowingly did commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of other persons, to wit, the owner of a business located in Manhattan, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
(Hobbs Act Robbery Conspiracy)

The Grand Jury further charges:

7.    Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.  In addition, DOMINICK MEMOLI, a/k/a "Shakes," was at all time relevant to this Indictment an associate of the Genovese Organized Crime Family.

8.    In or about October 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," LOUIS PIPOLO, DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(2), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MELICHAREK, MEMOLI, PIPOLO, CELAJ, GJELAJ, and others agreed to break into a residence in Orange County, New York and to rob the owners and occupants of proceeds of a business that engaged in interstate and international commerce.

(Title 18, United States Code, Section 1951.)

5

## COUNT FOUR
(Hobbs Act Robbery)

The Grand Jury further charges:

9.    Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

10.    On or about October 19, 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," LOUIS PIPOLO, DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, did commit and attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MELICHAREK, MEMOLI, PIPOLO, CELAJ, and GJELAJ, and others broke into a residence in Orange County, New York, intending to rob the owners and occupants of proceeds of a business that engaged in interstate and international commerce.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FIVE
(Possession Of Firearms In Connection With Crime of Violence)

The Grand Jury further charges:

11.   Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

12.   In or about October 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," LOUIS PIPOLO, DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, and possessed a firearm in furtherance of such crime of violence, to wit, MELICHAREK, MEMOLI, PIPOLO, CELAJ, GJELAJ, and others known and unknown, used, carried, and possessed, in relation to, and in furtherance of, the crimes charged in Counts Three and Four of this Indictment.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i) and (ii) & 2.)

7

## COUNT SIX
(Hobbs Act Robbery Conspiracy)

The Grand Jury further charges:

13.    Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

14.    In or about September 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MELICHAREK, MEMOLI, CELAJ, and GJELAJ agreed to break into a residence in Morris County, New Jersey, and to rob the owners and occupants of proceeds of a business that engaged in interstate and international commerce.

(Title 18, United States Code, Section 1951.)

## COUNT SEVEN
(Possession Of Firearms In Connection With Crime of Violence)

The Grand Jury further charges:

15.    Paragraphs 1 through 3 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

16.    On or about September 28, 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, and possessed a firearm in furtherance of such crime of violence, during which the firearm was brandished, to wit, MELICHAREK, MEMOLI, CELAJ, GJELAJ, and others known and unknown, used, carried, possessed, and brandished a firearm, in relation to, and in furtherance of the crime charged in Count Six of this Indictment.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i) and (ii) & 2.)

9

## COUNT EIGHT
(Conspiracy - Interstate Transportation Of Stolen Property)

The Grand Jury further charges:

17.  In or about October 2005, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 2314 of Title 18, United States Code.

18.  It was a part and an object of the conspiracy that JOHN MELICHAREK, a/k/a "Rocky," the defendant, and others known and unknown, unlawfully, wilfully, and knowingly would and did transport, transmit, and transfer in interstate commerce, goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, to wit, MELICHAREK and others agreed to transport and transfer in interstate commerce approximately $17,000 worth of gold coins that they believed to have been stolen.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

19.    As the result of committing the offenses alleged in Counts One through Eight, of this Indictment, JOHN MELICHAREK, a/k/a "Rocky," MICHAEL IUNI, DOMINICK MEMOLI, a/k/a "Shakes," ANGELO NICOSIA, LOUIS PIPOLO, DARDIAN CELAJ, a/k/a "Danny," and ENED GJELAJ, a/k/a "Neddy," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1951, including but not limited to the following:  A sum of money equal to approximately 1,000,000 in United States currency, representing the amount of proceeds obtained as a result of the foregoing offenses, for which the defendants are jointly and severally liable.

Substitute Asset Provision

20.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s)—

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property

which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property.

        (Title 18, United States Code, Sections 981 and
        Title 28, United States Code, Section 2461(c)).

_____   _____
FOREPERSON                   MICHAEL J. GARCIA
                           United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHN MELICHAREK, a/k/a "Rocky," MICHAEL
IUNI, DOMINICK MEMOLI, a/k/a "Shakes,"
ANGELO NICOSIA, LOUIS PIPOLO, DARDIAN
CELAJ, a/k/a "Danny," and ENED GJELAJ,
a/k/a "Neddy,"
Defendants.

INDICTMENT

S1 04 Cr. 1225 (AKH)

(Title 18, United States Code, Sections
1951, 924(c), 371.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson