UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                :

UNITED STATES OF AMERICA,        :

                                :

          - v.-               :

                                :

JOHN MELICHAREK,          :     S1 07 Cr. 907 (SAS)
      a/k/a "Rocky," and     :
ENED GJELAJ,             :
      a/k/a "Neddy,"        :

                                :

             Defendants.     :

                                :

------------------------------------------------------x

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the United States
                                    of America

ELIE HONIG
LISA ZORNBERG
Assistant United States Attorneys

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                   :

UNITED STATES OF AMERICA,           :

                - v.-                  :

JOHN MELICHAREK,              :     S1 07 Cr. 907 (SAS)
      a/k/a "Rocky," and     :
ENED GJELAJ,                 :
      a/k/a "Neddy,"         :

                Defendants.     :

------------------------------------------------------x

## GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury. These requests apply to the first trial, of Counts Three through Nine, only. The Government will submit separate requests with respect to the second trial, of Counts One and Two (in which defendants Angelo Nicosia and John Melicharek are the remaining defendants).

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

     a.     Function Of Court And Jury.

     b.     Indictment Not Evidence.

     c.     Statements Of Court And Counsel Not Evidence.

     d.     Burden Of Proof And Presumption Of Innocence.

     e.     Reasonable Doubt.

     f.     Government Treated Like Any Other Party.

     g.     Definitions, Explanations, And Example Of Direct And Circumstantial Evidence.

     h.     Inferences.

     i.     Credibility Of Witnesses.

     j.     Right to See Exhibits And Have Testimony Read During Deliberations.

     k.     Sympathy:  Oath Of Jurors.

     l.     Punishment Is Not To Be Considered By The Jury.

     m.     Verdict Of Guilt Or Innocence Must Be Unanimous.

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendants, JOHN MELICHAREK, a/k/a "Rocky," and ENED GJELAJ, a/k/a "Neddy," have been formally charged in what is called an Indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendants' guilt. It creates no presumption and it permits no inference that the defendants are guilty. You are to give no weight to the fact that an indictment has been returned against the defendants.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

<u>REQUEST NO. 3</u>

<u>Summary of Indictment</u>

The indictment contains seven counts or "charges."  The charges have been labeled Counts Three through Nine.  The numbering of the Counts is not relevant to your consideration of this case.

Count Three charges that, in or about September 2003, MELICHAREK, and GJELAJ conspired together and with others to commit robbery.  Count Four charges that, on or about September 28, 2003, MELICHAREK, and GJELAJ used, possessed, or carried a firearm in connection with the robbery conspiracy charged in Count Three.

Count Five charges that, in or about October 2003, MELICHAREK and GJELAJ conspired together and with others to commit robbery.  Count Six charges that, on or about October 19, 2003, MELICHAREK and GJELAJ attempted to commit robbery.  Count Seven charges that, on or about October 19, 2003, MELICHAREK and GJELAJ used, possessed, or carried a firearm in connection with the robbery conspiracy and robbery attempt charged in Counts Five and Six.

Count Eight charges that, in or about October 2005, MELICHAREK conspired with others to commit robbery.

Count Nine charges that, in or about October 2005, MELICHAREK conspired with others to transport stolen property across state lines.

You must consider each count separately as to each defendant, and you must return a separate verdict of guilty or not guilty for each count as to each defendant.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any

other offense charged, except to the extent I explain otherwise.

Hon. Leonard B. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

REQUEST NO. 4

Hobbs Act Extortion and Robbery
The Indictment And The Statute

Counts Three, Five, and Eight of the Indictment charge MELICHAREK and

GJELAJ with participating in a conspiracy to commit robbery, in violation of the Hobbs Act.

The Hobbs Act is the federal robbery statute.  It provides, in relevant part, as

follows:

> Whoever in any way or degree obstructs, delays, or affects
> commerce or the movement of an article or commodity in
> commerce, by extortion, or attempts or conspires so to do,
> or commits or threatens physical violence to any person or
> property in furtherance of a plan or purpose to do anything
> in violation of this section [is guilty of a crime].

The Hobbs Act is a law that was passed by Congress to remove barriers to the free

flow of commerce.  Its purpose is to use all the constitutional power Congress has to punish

interference with interstate commerce by robbery.

Count Three of the Indictment reads as follows:

**[Read Count Three]**

Count Five of the Indictment reads as follows:

**[Read Count Five]**

Count Eight of the Indictment reads as follows:

**[Read Count Eight]**

Adapted from the charge of the Hon. Leonard B. Sand in United States v.
Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

REQUEST NO. 5

6

<u>Conspiracy – General</u>

Now let me talk to you about the law of conspiracy to begin with. A conspiracy is a kind of a criminal partnership. It is a combination or an agreement of two or more people to join together to achieve some unlawful purpose.

The crime of conspiracy to violate a federal law, which is what is charged in certain counts of this indictment, is an offense independent of the violation of the law which is said to be the object of the conspiracy.

The crime which is said to be the object of the conspiracy is called a substantive offense. You need not get too hung up on the terminology. The key point is that you may find a defendant guilty of the crime of conspiracy to commit robbery even if you find that the robbery itself – or the substantive crime of robbery – that was the object or purpose of the conspiracy, was not actually committed or attempted. Congress determined it is appropriate to make conspiracy standing alone a separate crime even if the conspiracy is not successful.

<u>REQUEST NO. 6</u>

<u>Counts Three, Five, and Eight: Robbery Conspiracy</u>
<u>Elements of the Offense</u>

In order to meet its burden of proving that the defendants are guilty of the robbery conspiracies charged in Counts Three, Five, and Eight of the Indictment, the Government must establish beyond a reasonable doubt each of the following elements:

<u>First</u>: the existence at or about the time alleged in the indictment of the conspiracy to commit robbery;

<u>Second</u>: that the defendant you are considering knowingly and willfully associated himself with and joined in that conspiracy; and

<u>Third</u>: that interstate or foreign commerce, or an item moving in interstate or foreign commerce, was or would have been delayed, obstructed or affected in any way or degree if the robbery had been completed.

Adapted from Sand, <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 50-3 (1999); <u>McLaughlin</u> v.
<u>Anderson</u>, 962 F.2d 187 (2d Cir. 1992)

8

<u>REQUEST NO. 7</u>

<u>Counts Three, Five, and Eight:  Robbery Conspiracy</u>
<u>Existence of the Conspiracy</u>

Starting with the first element, a conspiracy, as I told you at the beginning of the case, is a combination, an agreement, or an understanding of two or more people to accomplish by concerted action, a criminal or an unlawful purpose.  In this case, the unlawful purpose alleged in Counts Three, Five, and Eight of the Indictment to have been the object of the conspiracy was the commission of the crime of robbery.

In other words, for each of those counts, the Government alleges that there was an agreement or an understanding and that its objective was to commit robbery.  For Counts Three, Five, and Eight, the conspiracy charges, the success or failure of a conspiracy is not material to the question of guilt or innocence of a conspirator, for the conspiracy, if it existed, is a crime distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project is to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play.  As a matter of fact, as a moment's reflection will tell you, it would be quite extraordinary if there were ever such a formal document or specific oral agreement.

Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding.  Conspirators do not usually

9

reduce their agreements to writing or acknowledge them before a notary public. They don't typically publicly broadcast their plans. From its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, through a contrivance, impliedly or tacitly, come to an understanding to violate the law. Express language or specific words are not required to indicate assent or attachment or agreement to the conspiracy. Nor is it required that you find any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that the defendant entered into the unlawful agreement alleged in the indictment with one or more other people in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may judge the acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," is perfectly applicable here. Often, the only evidence that is available is that of disconnected acts which, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and just as conclusively as more direct proof.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said before, that the conspiracy actually succeed in order for you to conclude that it existed. In deciding whether the conspiracies charged in Counts Three, Five, and Eight of the Indictment existed, you may consider all the evidence of the acts, conduct and declarations, by which I mean

10

statements, of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to further the unlawful scheme alleged in Counts Three, Five, and Eight of the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

<u>Object of Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Here, with respect to Counts Three and Five, MELICHAREK and GJELAJ are charged with conspiring together and with others to commit robbery. With respect to Count Eight, MELICHAREK is charged with conspiring with others to commit robbery. Each conspiracy relates to a separate underlying robbery. Specifically, Count Three relates to the September 2003 robbery of a home in Morris County, New Jersey. Count Five relates to the October 2003 robbery of a home in Orange County, New York. And Count Eight relates to the October 2005 robbery of a business owner in Manhattan. I will provide you with the elements of the substantive robbery in a moment when I go through the elements of Count Six.

Adapted from <u>United States</u> v. <u>Xiang Chen</u>, 02 Cr. 300 (LAK)

11

<u>REQUEST NO. 8</u>

<u>Counts Three, Five, and Eight: Robbery Conspiracy</u>
<u>Membership in a Conspiracy</u>

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracies charged in Counts Three, Five, and Eight of the Indictment existed, you then must determine the second question, and that is whether the defendant you are considering joined and participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully and knowingly entered into the conspiracy, that is to say the agreement, with a criminal intent, that is with a purpose to violate the law, and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

<u>"Unlawfully," "Willfully" and "Knowingly" Defined</u>

Now, as to this element, the terms "unlawfully," "willfully" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, if you find that the defendant you are considering joined the conspiracy, he knew what he was doing and that he did it deliberately and voluntarily.

"Unlawfully" means simply contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely, that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

12

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he is thinking. However, you do have before you the evidence of acts alleged to have taken place by or with the defendants or in their presence. The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purpose of the conspiracy.

The defendants deny that they were members of this conspiracy. It is for you to decide whether the Government has established beyond a reasonable doubt that the defendants had the requisite knowledge and intent.

It is not necessary that the defendant you are considering have been fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for a defendant to know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or that he have a financial stake in the outcome as long as he participated in the manner that I have explained.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the defendant's guilt. A defendant need not have joined the conspiracy at the outset. He may have joined it for any purpose at any time in its progress, and he is still responsible for everything that was done before he joined and everything that was done while it was in existence and while he was a member.

13

Every member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some play big roles, some play minor roles.  The law does not require equal roles.  In fact, even a single act can be sufficient to draw a defendant into a conspiracy.

I do, however, want to caution you that merely associating with another person does not make a defendant a member of a conspiracy even if he knows that that other person or other people are engaging in a conspiracy.  Simply being at the scene of a crime, even if you know that a crime is taking place, is not a criminal offense.  It will not support a conviction.

In other words, knowledge without participating is not enough.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in accomplishing its unlawful objective.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, he becomes a conspirator.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the defendant you are considering any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of that defendant or were made without his knowledge.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a

14

person is found to be a member of a conspiracy, he is presumed to continue as a member in the

conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that

the person withdrew and disassociated himself from it.

Adapted from United States v. Xiang Chen, 02 Cr. 300 (LAK)

<u>REQUEST NO. 9</u>

<u>Count One: Robbery Conspiracy</u>
<u>Time Of Conspiracy and Variance in Dates</u>

Count Three alleges that the charged conspiracy existed in or about September 2003.  Count Five alleges that the charged conspiracy existed in or about October 2003.  Count Eight alleges that the charged conspiracy existed in or about October 2005.   It is not essential that the Government prove that the conspiracy started and ended on those specific dates.  It is sufficient that you find that the charged conspiracy was formed at some point in time within the charged time periods.

This is also a good time to instruct you that it does not matter if a specific event is alleged in the Indictment to have occurred on or about a certain date but the proof indicated that it was in fact on a different date.  The law requires only a substantial similarity of dates alleged in the Indictment and the dates established by the evidence.

Adapted from the charge of the Honorable John F. Keenan in <u>United</u> <u>States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991), and from the charge of the Honorable Michael B. Mukasey in <u>United</u> <u>States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem</u>., 990 F.2d 622 (2d Cir. 1993).

16

<u>REQUEST NO. 10</u>

<u>Robbery</u>
<u>Elements of the Substantive Offense</u>

I turn now to the elements of the crime of robbery. Robbery is the substantive

crime that is object of the conspiracies charged in Counts Three, Five, and Eight.  Additionally,

Count Six of the Indictment charges MELICHAREK and GJELAJ with the substantive crime of

attempted robbery, which is also the object of the conspiracy charged in Count Five.  As I

explained to you earlier, the crime of conspiracy to commit robbery is a separate offense from the

actual substantive crime of robbery or attempted robbery.

The elements of the substantive crime of robbery are these:

<u>First</u>, the Government must prove that the defendant took or obtained the property

of another, or attempted to do so.

<u>Second</u>, the Government must prove that the defendant took or obtained the

property against the victim's will, by actual or threatened force, violence, or fear of injury,

whether immediate or in the future, or attempted to do so.

<u>Third</u>, the Government must prove that such actions actually or potentially, in any

way or degree, did or would have obstructed, delayed or affected interstate commerce.

<u>Fourth</u>, the Government must prove that the defendant acted unlawfully, willfully

and knowingly.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-3
(1999); <u>McLaughlin</u> v. <u>Anderson</u>, 962 F.2d 187 (2d Cir. 1992); and
from the charge of the Honorable Denny Chin in <u>United States</u> v.
<u>Ruiz</u>, S9 96 Cr. 317 (DC).

REQUEST NO. 11

Robbery
First Element – Taking or Obtaining of Property

The first element the Government must prove beyond a reasonable doubt to prove

the substantive crime of robbery is that the defendant knowingly took or obtained, or attempted

to take or obtain, the personal property of another or from the presence of another, or attempted

to do so.  The term property includes tangible and intangible things of value.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-4
(1999).

<u>REQUEST NO. 12</u>

<u>Robbery</u>
<u>Second Element – Taking Property Against Victim's Will</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant took the personal property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future, or attempted to do so.  Of course, those are not legitimate means for obtaining property.

It is not necessary that the Government prove that force, violence and fear were all used or threatened.  The Government satisfies its burden if it proves beyond a reasonable doubt that <u>any</u> of these methods were employed.

In considering whether the defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  The violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury.  A threat may be made verbally or by a physical gesture.  Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm or business loss, or over financial or job security.  The existence of fear must be determined by the facts existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the victim's state of mind at the time of the defendant's actions.

19

It is obviously impossible to ascertain or prove directly a person's subjective feeling. You cannot look into a person's mind to see what his or her state of mind is or was. But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

Looking at the situation and the action of people involved may help you determine what their state of mind was. You can consider this kind of evidence -- which is technically called "circumstantial evidence" -- in deciding whether property was obtained by the defendant through the use or threat of fear. You have also heard the testimony of some witnesses describing their state of mind - that is, how they felt during the attempted robbery alleged in the Indictment. This testimony was allowed so as to help you in deciding whether the property was obtained by fear. You should consider this testimony for that purpose only.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-5, 50-6 (1999); see United States v. Clemente, 640 F.2d 1069, 1079 (2d Cir. 1981).

It is not necessary that the fear be a consequence of a direct threat; it is sufficient that the surrounding circumstances render the victim's fear reasonable. You must find that a reasonable person would have been fearful in the circumstances.

> United States v. Tolub, 309 F.2d 286 (2d Cir. 1962); United States v. Duhon, 565 F.2d 345 (5th Cir. 1978); United States v. Quinn, 514 F.2d 1250 (5th Cir. 1975); United States v. Hyde, 448 F.2d 815, 834 (5th Cir. 1971).

<u>REQUEST NO. 13</u>

<u>Robbery</u>
<u>Third Element – Interstate or Foreign Commerce</u>

The third element that the Government must prove is that the robbery affected or potentially did or would have affected interstate commerce, in some way, even if the effect would have been slight or minor.

>               <u>See</u> <u>United States</u> v. <u>Fabian</u>, 312 F.3d 550, 554 (2d Cir. 2002) ("Our precedent requires the government make only a <u>de minimis</u> showing to establish the necessary nexus for Hobbs Act jurisdiction. '[T]he jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect on commerce will suffice.'" (quoting <u>United States</u> v. <u>Farrish</u>, 122 F.3d 146, 148 (2d Cir. 1997)); Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-8.

It is not necessary for the Government to prove that commerce actually was affected by the defendant's conduct. It is sufficient if the alleged robbery <u>possibly</u> or <u>potentially</u> would have affected interstate or foreign commerce.

>               Adapted from the charge of Judge John E. Sprizzo in <u>United States</u> v. <u>Farrish</u>, 95 Cr. 750 (JES) (Mar. 7, 1996), <u>aff'd</u>, 122 F.3d 146 (2d Cir. 1997); <u>see also</u> <u>United States</u> v. <u>Fabian</u>, 312 F.3d at 554 (explaining that "all that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect") (quoting <u>United States</u> v. <u>Arena</u>, 180 F.3d 380, 390 (2d Cir. 1999)).

It is not necessary for you to find that the defendant intended or anticipated that the effect of his own acts, or the acts of his co-conspirators, would be to affect interstate commerce or that the defendant or his co-conspirators had or shared a purpose to affect

commerce.  All that is necessary is that the natural effect of the acts he committed would either actually or potentially affect interstate or foreign commerce.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-11; see also United States v. Silverio, 335 F. 3d 183, 187 (2d Cir. 2003) ("We know of no court that has an intent requirement [for the interstate commerce element] for Hobbs Act prosecutions . . ., and refuse to create one in this circuit").

Nor do you have to decide whether the effect on interstate commerce was or would have been harmful or beneficial to a particular business, or to commerce in general.  The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-10.

The commerce affected or potentially affected need not be lawful.  Activities affecting or potentially affecting unlawful interstate activity, such as narcotics trafficking, fall within the purview of the statute. If you find beyond a reasonable doubt that the target of the robbery purchased or sold goods or items that flowed in interstate commerce, and that the money or items the defendant conspired to take belonged to the target, then this element will have been met.

> Adapted from this Court's charge in United States v. Joel Spigelman, 05 Cr. 960 (SAS).  See also United States v. Calder, 641 F.2d 76, 78 (2d Cir. 1981); United States v. Augello, 451 F.2d 1167, 1170 (2d Cir. 1971).

REQUEST NO. 14

Robbery
Fourth Element – Unlawfully, Willfully and Knowingly

Finally, the Government must prove beyond a reasonable doubt that the defendant acted unlawfully, willfully, and knowingly.  I have already defined the terms "unlawfully," "willfully," and "knowingly" for you in connection with earlier charges and you should apply those instructions here.

23

<u>REQUEST NO. 15</u>

<u>Counts Four and Seven: Using Or Carrying A Firearm During And In Relation To A
Crime Of Violence, Or Possession Of A Firearm In Furtherance Of A Crime Of Violence</u>

Count Four charges MELICHAREK and GJELAJ with knowingly using or
carrying a firearm during and in relation to the robbery conspiracy charged in Count Three, and
with possessing a firearm in furtherance of that crime.  Count Four also charges MELICHAREK
and GJELAJ with aiding and abetting the commission of this firearm crime.

Let me read Count Four to you:

[The Government asks that the Court read Count Four of the Indictment]

Count Seven charges MELICHAREK and GJELAJ with knowingly using or
carrying a firearm during and in relation to the robbery conspiracy charged in Count Five and the
attempted robbery charged in Count Six, and with possessing a firearm in furtherance of those
crimes.  Count Seven also charges MELICHAREK and GJELAJ with aiding and abetting the
commission of this firearm crime.

Let me read Count Seven to you:

[The Government asks that the Court read Count Seven of the Indictment]

The relevant statute for Count Two is Title 18, United States Code, Section
924(c).  That section provides, in relevant part, that

> [A]ny person who, during and in relation to any crime of
> violence of drug trafficking crime . . . for which the person may be
> prosecuted in a court of the United States, uses or carries a firearm,
> or who, in furtherance of such crime, possesses a firearm, shall [be
> guilty of a crime].

24

In order for you to find a defendant guilty of Count Four, the Government must prove beyond a reasonable doubt that the defendant knowingly used or carried a firearm during and in relation to the commission of the robbery conspiracy charged in Count Three, or that the defendant knowingly possessed a firearm in furtherance of the robbery conspiracy charged in Count Three.

In order for you to find a defendant guilty of Count Seven, the Government must prove beyond a reasonable doubt that the defendant knowingly used or carried a firearm during and in relation to the commission of the robbery conspiracy charged in Count Five or the attempted robbery charged in Count Six, or that the defendant knowingly possessed a firearm in furtherance of the robbery conspiracy charged in Count Five or the attempted robbery charged in Count Six.

<u>REQUEST NO. 16</u>

<u>Counts Four and Seven: Using Or Carrying A Firearm During And In Relation
To A Crime Of Violence, Or Possession Of A Firearm In Furtherance Of A Crime Of Violence --
The Elements</u>

On Counts Four and Seven, the Government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that on or about the dates charged, the defendant used or carried or possessed a firearm, or any combination of those acts.

<u>Second</u>, that the defendant used or carried the firearm during and in relation to a crime of violence, <u>or</u> that defendant possessed a firearm in furtherance of that same crime.

<u>Third</u>, that the defendant acted knowingly, unlawfully, and willfully.

Adapted from charge of the Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004).

26

<u>REQUEST NO. 17</u>

<u>Counts Four and Seven: Using Or Carrying A Firearm During And In Relation To A Crime Of
Violence, Or Possession Of A Firearm In Furtherance Of A Crime Of Violence
First Element -- Using, Carrying, Or Possessing</u>

The first element the Government must prove beyond a reasonable doubt on Counts

Four and Seven is that the defendant used or carried or possessed a firearm on or about the dates

charged.

A firearm under the statute upon which Counts Four and Seven are based means

"any weapon . . . which will or is designed to or may readily be converted to expel a projectile by

the action of an explosive."  Common sense tells you that a gun meets the statutory definition of a

firearm.  In this regard, it does not matter whether a gun was operable at the time of the alleged

crimes.  Operability is not relevant to your determination of whether a weapon is a firearm.

"Use" of firearm requires an active employment of the firearm by the defendant, that

is, a use that makes the firearm an operative factor in relation to a crime of violence.  This does not

mean that the defendant must actually fire or attempt to fire the weapon, although those would

obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon

so that others present knew that the defendant had the firearm available if needed all constitute use

of the firearm.  The mere possession of a firearm at or near the site of the crime without active

employment as I just described is not sufficient to constitute use of the firearm.

I also spoke of "carrying" a firearm.  A person carries a firearm if he has the weapon

within his control in such a way that it furthers the commission of crime or is an integral part of the

commission of that crime.

27

Finally, I want to say a few words about the legal concept of "possession." Actual possession, having physical custody or control of an object, is what most of us think of as possession; However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article. Proof of ownership is not required to establish possession.

> Adapted from charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Clemente</u>, S3 03 Cr. 150 (LBS) (S.D.N.Y. Nov. 14, 2003), and the charge of the Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004).

<u>REQUEST NO. 18</u>

<u>Counts Four and Seven: Using Or Carrying A Firearm During And In Relation To A Crime Of
Violence, Or Possession Of A Firearm In Furtherance Of A Crime Of Violence
Second Element -- During And In Relation To A Crime Of Violence</u>

The second element that the Government must prove beyond a reasonable doubt with respect to Counts Four and Seven is that the defendant either used or carried a firearm during and in relation to a crime of violence for which he might be prosecuted by the United States, <u>or</u> that the defendant possessed a firearm in furtherance of the commission of such a crime of violence.

In order to convict the defendant of Count Four, you must find that he committed the crime charged in Count Three, in other words, that he participated in the Hobbs Act robbery conspiracy. I have already described that crime for you. Let me instruct you that the crime charged in Count Three – namely, a Hobbs Act robbery conspiracy – is a crime of violence for which a person may be prosecuted in a court of the United States.

Similarly, in order to convict the defendant of Count Seven, you must find that he committed the crime charged in either Count Five (the Hobbs Act robbery conspiracy) or Count Six (the attempted Hobbs Act robbery). I have already described those crime for you. Let me instruct you that the crimes charged in Counts Five and Six are crimes of violence for which a person may be prosecuted in a court of the United States.

In determining whether the defendant used or carried a firearm "during" or "in relation to" a crime of violence, you should use the ordinary meanings you would attach to those terms in everyday usage.

Possession of a firearm "in furtherance" of a crime of violence requires that possession advance or move forward the crime. The mere presence of a firearm is not enough.

29

Possession in furtherance requires that the possession be incident to and an essential part of the crime. However, you do not need to find that the possession of a firearm actually caused a particular effect.

> Adapted from the charge of Judge Peter K. Leisure in <u>United States</u> v. <u>Bradley</u>, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), <u>aff'd sub nom.</u> <u>United States</u> v. <u>Meggett</u>, 875 F.2d 24 (2d Cir.) (specifically approving charge), <u>cert. denied</u>, 493 U.S. 858 (1989), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-79.

<u>REQUEST NO. 19</u>

<u>Counts Four and Seven: Using Or Carrying A Firearm During And In Relation To A Crime Of
Violence, Or Possession Of A Firearm In Furtherance Of A Crime Of Violence
Third Element –– Unlawfully, Willfully, And Knowingly</u>

The final element the Government must prove beyond a  reasonable doubt on

Counts Four and Seven is that the defendant acted unlawfully, willfully, and knowingly.  I have

previously instructed you on the meaning of those terms, and you should rely upon those

instructions in considering Counts Four and Seven.

Adapted from charge of the Honorable Lewis A. Kaplan in <u>United States</u>
v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004).

<u>REQUEST NO. 20</u>

<u>Aiding and Abetting</u>

With respect to Counts Four and Seven (the firearm crimes) and Count Six (the attempted Hobbs Act robbery), I want to instruct you on what is called "aiding and abetting." The aiding and abetting statute, Title 18, United States Code, Section 2(a), provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant you are considering physically committed the offenses charged in Counts Four and Seven in order for you to find the defendant guilty of those charges. Thus, if you do not find beyond a reasonable doubt that the defendant committed the firearm crimes charged in Counts Four and Seven, you may, under certain circumstances, still find the defendant guilty of the crime if the Government establishes beyond a reasonable doubt that he aided or abetted another in committing the crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant you are considering guilty of robbery if you find beyond a reasonable doubt that the Government has proved both that another person actually committed the robbery, and that the defendant you are considering aided and abetted that person in the commission of the robbery.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. If you do find that a

32

crime was committed, however, then you must consider whether the Government has proven

beyond a reasonable doubt that the defendant you are considering aided or abetted the

commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a person

willfully and knowingly associate himself in some way with the crime, and that he willfully and

knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally,

or, in the case of a failure to act, with the specific intent to fail to do something the law requires

to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a person where a crime is being committed, even coupled

with knowledge by him that a crime is being committed, or the mere acquiescence by him in the

criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and

abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant you are considering aided or abetted the

commission of the crimes charged in Counts Four and Seven, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to
   bring about?

-- Did he associate himself with the criminal venture knowingly and
   willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If you find beyond a reasonable doubt that the Government established that he did,

then the defendant is an aider and abettor, and therefore guilty.  If he did not, then he is

not an aider and abettor, and is not guilty of that offense.

33

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); see also United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir. 1981).

<u>REQUEST NO. 21</u>

<u>Pinkerton Liability</u>

If you find beyond a reasonable doubt that the defendant was a member of the robbery conspiracy charged in Count Three of the indictment, then you may also, but you are not required to, find the defendant guilty of using, possessing, or carrying a firearm in furtherance of that crime of violence, as charged in Count Four, provided you find, beyond a reasonable doubt, each of the five elements that I am about to describe.  Similarly, if you find beyond a reasonable doubt that the defendant was a member of the robbery conspiracy charged in Count Five of the indictment, then you may also, but you are not required to, find the defendant guilty of using, possessing, or carrying a firearm in furtherance of that robbery, as charged in Count Seven, provided you find, beyond a  reasonable doubt, each of the following five elements.

<u>First</u>, that the firearm crime – using or carrying a firearm during and in relation to a robbery, or possessing a firearm in furtherance of a robbery – was committed by somebody.

<u>Second</u>, that the person you find actually committed the firearm crime was a member of the robbery conspiracy.

<u>Third</u>, that the firearm crime was committed pursuant to the common plan and understanding you found to exist among the conspirators.

<u>Fourth</u>, that the defendant was a member of the robbery conspiracy at the time the firearm crime was committed.

And <u>Fifth</u>, that the defendant could have reasonably foreseen that the firearm crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the firearm crimes charged against him in Counts Four and/or Seven even  though he did not personally participate in the acts constituting the firearm crimes or did not have actual knowledge of it.  The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.  If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crimes charged in Counts Four and/or Seven, unless the government proves beyond a reasonable doubt that the defendant personally committed, or aided and abetted the commission of, the substantive firearm crimes charged in Counts Four and Seven.

Adapted from this Court's charge in <u>United States v. Joel Spigelman</u>,
05 Cr. 960 (SAS).

REQUEST NO. 22

Special Interrogatory On Count Four

I will now instruct you about a specific question that you must answer if you find any defendant guilty on Count Four, which charges the defendants with using, carrying, or possessing a firearm in connection with the Hobbs Act robbery conspiracy charged in Count Three.  For each defendant you find guilty on Count Four, you must then answer separately whether you find that the defendant brandished, or aided and abetted the brandishing of, a firearm during and in relation to the robbery conspiracy, or in furtherance of the robbery conspiracy.  To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

See 18 U.S.C. § 924(c)(4)

<u>REQUEST NO. 23</u>

<u>Count Nine: Conspiracy to Transport Stolen Property in Interstate Commerce</u>

Count Nine of the Indictment charges defendant MELICHAREK with conspiring with others to transport stolen property across state lines.  The conspiracy statute at issue in this Count is Section 371 of Title 18 of the United States Code.  That section provides as follows:

> If two or more persons conspire
> either to commit any offense against
> the United States, . . . and one or
> more of such persons does any act to
> effect the object of the conspiracy,
> each . . .  is guilty of a crime.

I have previously instructed you on the legal meaning of the term "conspiracy," and you should use that definition here  Specifically, in order for you to find a defendant guilty of the conspiracy charged in Count Nine, the Government must prove beyond a reasonable doubt each of the following essential elements as to the defendant:

<u>First</u>, that an agreement or understanding to violate a law of the United States existed between two or more persons.

<u>Second</u>, that the defendant you are considering knowingly and wilfully became a member of the conspiracy.

<u>Third</u>, that any one of the members of the conspiracy -- not necessarily the defendant you are considering, but any one of the people involved in the conspiracy -- knowingly committed at least one of the overt acts charged in the Indictment in furtherance of the conspiracy.

38

I have previously instructed you on the first two elements: the agreement or understanding between two or more persons to violate a law of the United States, and that the defendant knowingly and wilfully became a member of the conspiracy.

<u>REQUEST NO. 24</u>

<u>Count Nine: Conspiracy to Transport Stolen Property in Interstate Commerce – Object of the Conspiracy</u>

As I instructed you previously, the crime which is said to be the object of the conspiracy is called a substantive offense.  The object of the conspiracy charged in Count Nine is a violation of Title 18, United States Code, Section 2314. The law prohibiting the transfer of stolen property in interstate and foreign commerce, in pertinent part, provides:

> Whoever transports, transmits or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, shall [be guilty of an offense against the United States].

In order to meet its burden of proof, the government must establish beyond a reasonable doubt each one of the following four elements, with respect to the crime that was the object of the conspiracy charged in Count Nine.  In other words, the Government must prove that the defendant and at least one other person had an agreement or understanding as to the following facts:

<u>First</u>, that the property in question was stolen.

<u>Second</u>, that on or about the dates charged, the defendant you are considering transported, transmitted or transferred the property in interstate or foreign commerce, or caused it to be transported, transmitted or transferred in interstate or foreign commerce.

<u>Third</u>, that at the time of the transportation, transmission, or transfer, the defendant you are considering knew or believed the property was stolen; and

<u>Fourth</u>, that the value of the property was $5,000 or more.

40

The first element that the government must prove beyond a reasonable doubt to prove the substantive offense that is the object of the conspiracy charged in Count Nine is that "goods, wares, merchandise, securities or money" were "stolen, converted or taken by fraud." The first thing you must determine is whether the property described in the indictment constitutes "goods, wares or merchandise, securities or money."

Next, you must determine whether the defendant and another person believed the property described in the indictment was stolen, converted or taken by fraud. Simply stated, the term "stolen" refers to the taking of any goods, wares, merchandise, securities or money with the intent to deprive the owner of the use or benefits of ownership. The phrase "converted" means to take goods, wares, merchandise, securities or money for one's own use by any dishonest or illegal means. For example, if a person has received money in exchange for specific services, and he does not perform those services and instead retains the money for his own use, he has converted the money.

In considering whether the defendant you are considering acted "intentionally," you should give the word its ordinary meaning of acting deliberately, or purposely, as opposed to acting by mistake or carelessness. Any illegal or dishonest misrepresentation or taking  property which deprives the owner of her property without her consent is considered "stealing, conversion or taking by fraud." The property does not have to be taken permanently; and the misrepresentation or taking does not have to result in monetary loss to the owner. What you must decide, and what the government must prove the object of the conspiracy beyond a reasonable doubt, is whether, at the time the defendant you are considering acquired the property,

41

the defendant had an agreement or understanding with another person to take it for his own use, and if so, whether he did so without the permission of the owner.

If you decide that the property was stolen or taken by fraud, then you must decide whether the object of the conspiracy involved transporting, transmitting, or transferring the property in interstate or foreign commerce. Simply stated, the phrase "transports, transmits or transfers in interstate or foreign commerce," means sending or causing to be sent goods, wares, merchandise, securities or money from one state to another, or between the United States and a foreign country.

The defendant you are considering need not have intended or known of the property's transport in interstate or foreign commerce. Nor is it required that the defendant you are considering actually have physically transported the property across state lines or out of the United States. The government satisfies its burden of proving transportation in interstate or foreign commerce if it proves beyond a reasonable doubt that the defendant you are considering willfully caused the property's transport across state lines or out of the United States, or performed a substantial step in furtherance of its journey. I have previously described the meaning of unlawfully, willfully and knowingly.

The third element that the government must prove beyond a reasonable doubt is that the defendant you are considering knew or believed, at the time of its interstate transport, that the property was stolen or taken by fraud.

In deciding whether the defendant you are considering knew that the property was stolen or taken by fraud at the time it was transported between states or between the United States and a foreign country, you must focus on his actual knowledge at that time. Even if you

42

find that a prudent person would have known that the property was stolen or taken by fraud at the time of its interstate or foreign transport, if you find that the defendant you are considering did not know, then you cannot find that defendant guilty.

Your decision whether the defendant you are considering acted knowingly at the time the money was transported involves a decision about the defendant's state of mind at the time the journey through interstate or foreign commerce occurred.  It is obviously impossible to ascertain or prove directly the operation of the defendant's mind.  You cannot look into a person's mind to see what his state of mind is or was.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy, the extent of the defendant's knowledge.

You must now focus upon the fourth element of the offense, and decide whether the government has proved beyond a reasonable doubt that the property had a value of $5,000 or more.  If you find that the aggregate value of the property referred to in Count 9 is less than $5,000, then you must find the defendant you are considering not guilty of that count.  If, on the other hand, you find that the aggregate value referred to in a particular count is greater than $5,000, then this element is satisfied.

Adopted from this Court's charge in <u>United States v. Guastella and Martins</u>, 98 Cr. 1325 (SAS).

43

<u>Request No. 25</u>

<u>Count Nine:  Third Element – Overt Act</u>

The third element of the conspiracy charged in Count Nine, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the conspirators committed at least one overt act in furtherance of the conspiracy.

For the crime of conspiracy to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.

In order for the Government to satisfy the overt act element, it is not required to prove all of the particular overt acts alleged in the Indictment.  It is enough if the Government proves that at least one of the conspirators committed at least one of the overt acts charged in the Indictment in furtherance of the conspiracy.  However, you must all agree on at least one overt act that a conspirator committed in order to satisfy this element.  In other words, it is not sufficient for you all to agree that <u>some</u> overt act was committed, without agreeing on which specific overt act was committed.

Similarly, it is not necessary for the Government to prove that each member of the conspiracy committed or participated in an overt act.  It is sufficient if you find that at least one overt act was in fact performed by at least one conspirator, whether the defendant you are considering or another co-conspirator, to further the conspiracy within the time frame of the conspiracy.  Remember, the act of any one of the members of a conspiracy, done in furtherance

of the conspiracy, becomes the act of all the other members. To be a member of the conspiracy, it is not necessary for a defendant to commit an overt act.

In addition, the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

The overt act must have been knowingly and willfully done by at least one conspirator in furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW) (S.D.N.Y. 1989); and Sand, Modern Federal Jury Instructions, Instr. 19-7, 19-8. See Braverman v. United States, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime"); United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1997) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); United States v. Bryan, 122 F.3d 90, 93 (2d Cir. 1997) ("conspiracy 'conviction may rest on an overt act not charged in the indictment'") (quoting United States v. Armone, 363 F.2d 385, 400 (2d Cir. 1966)); United States v. Montour, 944 F.2d 1019, 1026 (2d Cir. 1991) ("an overt act need not be inherently criminal to support a conspiracy conviction").

<u>REQUEST NO. 26</u>

<u>Venue</u>

In addition to all the elements I have described for you, you must decide with respect to each count of the Indictment whether any act in furtherance of the conspiracy occurred within the Southern District of New York.

The Southern District of New York encompasses the following counties:  New York (or Manhattan), the Bronx, Westchester, Sullivan, Orange, Rockland, Putnam and Dutchess.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District.

Further, if the crime charged is what is known as a continuing offense – that is, a crime that is committed in more than one district – venue is proper in any district in which the crime was begun, continued or completed.  I instruct you that all of the conspiracy crimes charged in the Indictment (Counts Three, Five, Eight, and Nine) are continuing offenses.  Thus, venue on these counts will lie in this district, the Southern District of New York, if you find that any part of the crimes charged in those counts took place here, whether or not the defendant himself was even in this district.  I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

With respect to Counts Four and Seven – the firearm counts – venue is proper in this District if any event in furtherance of the underlying robbery conspiracies occurred in this

46

District.  Thus, if venue if proper with respect to Count Three, then it is also proper with respect to Count Four.  Similarly, if venue is proper with respect to either Counts Five or Six, then it is also proper with respect to Count Seven.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the scheme was committed in this District.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.

> Adapted from the charge of the Hon. Charles S. Haight, Jr., in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 3-11.  See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue is governed by preponderance standard).  See also United States v. Rodriguez-Moreno, 526 U.S. 275, 279-280 (1999) (venue for 924(c) count proper "in any federal judicial district where the underlying crime of violence was committed"; venue was proper for 924(c) charge in New Jersey where underlying kidnapping conspiracy occurred across four different states including New Jersey, even though gun was possessed in Maryland but not New Jersey).

47

<u>REQUEST NO. 27</u>

<u>Cooperating Witness Testimony</u>

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

48

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about agreements between the Government and the witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part,

49

you still may accept his testimony in other parts, or may disregard all of it. That is a

determination entirely for you, the jury.

> Adapted from 3 Leonard B. Sand et al., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-5; from the charge of the Honorable John F. Keenan in <u>United</u> <u>States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in <u>United</u> <u>States</u> v. <u>Projansky</u>, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).

> <u>See</u> <u>United</u> <u>States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and <u>United</u> <u>States</u> v. <u>Cheung</u> <u>Kin</u> <u>Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); <u>see</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

<u>REQUEST NO. 28</u>

<u>Defendants' Right Not to Testify</u>
[If applicable]

The defendants, JOHN MELICHAREK and ENED GJELAJ, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> _____
<u>Instructions</u>, Instr. 5-21.

<u>REQUEST NO. 29</u>

<u>Law Enforcement and Government Employee Witnesses</u>

You have heard the testimony of law enforcement agents and of employees of the Government.  The fact that a witness may be employed by a federal, state, or city government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Martinez,</u> 00 Cr. 304 (MBM) (S.D.N.Y. 2000).

<u>REQUEST NO. 30</u>

<u>Expert Testimony</u>

You have heard what is called expert testimony from an expert on _____.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he is an expert.  Nor should you substitute his testimony for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

<u>REQUEST NO. 31</u>

<u>Limiting Instruction -- Similar Act Evidence</u>

The Government has offered evidence tending to show that on different occasions, the defendant, [insert name of defendants with prior bad act evidence], engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendants are not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crimes charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant you are considering committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. You may also consider this evidence in determining whether one or more of the defendants utilized a common scheme or plan in committing both the crimes charged in the indictment and the similar acts introduced by the Government.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant you are considering committed the other act or acts he must also have committed the acts charged in the indictment.

Adapted from the charge of Judge Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

<u>REQUEST NO. 32</u>

<u>Use of Recordings</u>

Audio recordings and photographs have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations or images may not enter your deliberations. I instruct you that the recordings and photographs were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What weight you give these recordings, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM).

<u>REQUEST NO. 33</u>

<u>Transcripts Not Evidence</u>

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the tapes.  It is for you to decide whether the transcripts correctly present the conversations recorded on the tapes that you heard.

Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM).

_____

57

<u>REQUEST NO. 34</u>

<u>Persons Not On Trial</u>

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Honorable Henry F. Werker in <u>United States</u> v. <u>Barnes</u>, S 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121, 147 (2d Cir. 1979).

REQUEST NO. 35

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

<u>REQUEST NO. 36</u>

<u>Particular Investigative Techniques Not Required</u>

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC); the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992), and the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

<u>Request No. 37</u>

<u>Charts and Summaries</u>

Some of the exhibits were charts. These charts were introduced basically as summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves evidence. They are intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is up to you to determine whether these charts should be accepted or rejected on the basis of the underlying evidence and whether they have any value or significance whatsoever.

Adapted from the charge of the Honorable Kevin T. Duffy in <u>United States</u> v. <u>Castellano</u>, SSS 84 Cr. 63, <u>aff'd in part and rev'd in part sub nom. United States</u> v. <u>Gaggi</u>, 811 F.2d 47 (2d Cir.), <u>cert. denied</u>, 482 U.S. 929 (1987), Tr. at 7019-20, and from Sand, Instr. 74-12.

REQUEST NO. 38

Stipulations

In this case, you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the weight to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

<u>REQUEST NO. 39</u>

<u>Sympathy: Oath As Jurors</u>

Under your oath as jurors you are not to be swayed by sympathy or prejudice.

You are to determine the guilt or innocence of each defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from 1 Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in <u>United</u> <u>States</u> v. <u>Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965), <u>cert</u>. <u>denied</u>, 384 U.S. 953 (1966).

REQUEST NO. 40

Punishment Not to be Considered by the Jury

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether each defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934.

<u>REQUEST NO. 41</u>

<u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each defendant with respect to Counts Three through Nine of the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges – judges of the facts - not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

Remember that your verdict must be rendered based solely on the evidence, without fear, without favor, and without prejudice or sympathy.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from the charge of Judge Arnold Bauman in United States v. Soldaro, 73 Cr. 167 (S.D.N.Y. 1973).  See also United States v. Corr, 75 Cr. 803 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1970).

Dated:      New York, New York
            June 13, 2008

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York


             By:    _____

                        ELIE HONIG
                        LISA ZORNBERG
                        Assistant United States Attorneys
                        212-637-2474/2720

<u>CERTIFICATE OF SERVICE</u>

ELIE HONIG deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on June 13, 2008, he served a copy of the attached Government's Requests to Charge by ECF and Fed Ex, on:

**Barry Levin**
600 Old Country Road, Suite 333
Garden City, NY 11530
(516) 222-4500

**David Stern**
 Rothman, Schneider, Soloway & Stern
100 Lafayette Street, Suite 501
New York, NY 10013
(212) 571-5500

**Daniel Welsh**
551 Summit Avenue
Jersey City, NJ 07306
(201) 798-4100

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  New York, New York
         June 13, 2008


_____
ELIE HONIG